Good morning ladies and gentlemen and this is the time set for argument in Gonzalez-Garcia v. Garland. Petitioner may proceed. May it please the court. Isaac Flagle-Mishlove, law student on behalf of petitioner. I'm here with co-counsel Zachary Meeker, also a law student who will be handling rebuttal for which we would like to reserve five minutes. Ms. Gonzalez-Garcia is an prosecution. Thus far she has attempted to navigate this country's immigration courts without a lawyer, without speaking English, and from the confines of immigration detention. In this case the BIA violated its duty to liberally construe Ms. Gonzalez-Garcia's appeal, instead finding that she waived the threshold issue in her case, that of the IJ's adverse credibility determination. Liberal construction of pro se appeals, pro se papers, is a principle enshrined in precedent stemming from the Supreme Court. In Kazi, this court held that that duty applies especially to incarcerated litigants. And in Higgs, the Third Circuit held that the BIA shares in this near universal duty. This case presents the opportunity for this court to do the same. Was this issue presented before the BIA and then over to liberal construction? Ms. Gonzalez-Garcia did not bring a liberal construction challenge before the BIA, no, Your Honor. So why do we have jurisdiction? Your Honor, this court may review legal challenges to the BIA's resolution of a suit, and of course has jurisdiction over final removal orders, which is what happened in this case. The challenge today is a legal challenge to the procedures used by the BIA. So you would agree that the issue itself has not been exhausted? Your Honor, the liberal construction challenge is arising for the first time to this court. Right. Yeah. The standard governing liberal construction is notice, and notice in context of the entirety of the appeal, including the structure and any relevant external factors. In this case, three key facts taken together and in their totality indicates that the BIA was on notice of Ms. Gonzalez-Garcia's challenge to the IJ's adverse credibility determination. First, the language and structure of Ms. Gonzalez-Garcia's appeal. After an immigration judge told her, I don't believe you, you're not credible, she wrote to the BIA saying, in fact, I am afraid to return to my home country. And she submitted a bevy of corroborating documents that reiterate the truth of her testimony. In short, she did precisely what we would expect a pro se litigant to do when an IJ tells them you're not credible. Second, the Department of Homeland Security, in its brief opposing Ms. Gonzalez-Garcia's appeal, raised the issue, putting the BIA on notice. And third, the BIA itself explicitly acknowledged the existence of the adverse credibility issue, calling it positive. But it refused to extend the benefit of the doubt to Ms. Gonzalez- Garcia and assume that she meant to raise this threshold issue. With this foundation, I'll return to the top of the argument and discuss several issues in more detail, including the liberal construction challenge, the convention against torture challenge, and, if your honors would like, the due process challenge and right to appeal. Could you pause just for a second? Because I think we may have some video difficulties. Yes, Judge, I'm sorry. We seem to have lost judges Hunsaker and Nelson. And I'm getting notice that we've lost judges from other courtrooms around the circuit at the same time. So this seems to be a widespread issue. Please stand by. I will find out as much as I can about the problem and let you know. We'll keep the time stop brief. United States Court of Appeals for the Ninth Circuit is now in session. Well, our apologies about that. It happens from time to time. Although, as we were just discussing, we've had remarkable luck with video conference arguments over the past year. But these things happen. So we will take off, resume where we left off. Please proceed. Thank you, Your Honor. I'd first like to go back to Your Honor's question about exhaustion to briefly make three points. One, Ms. Gonzalez-Garcia was pro se before the BIA. And so it wouldn't make much sense for her to have to challenge the liberal construction challenge before the BIA. Second, we know of no case where litigants were required to raise a liberal construction challenge before the BIA before bringing it to the circuit court, for example, in Higgs. And third, the government in this case has not argued that Ms. Gonzalez-Garcia failed to raise her liberal construction challenge before the BIA. Now, generally, if it's a procedural due process challenge, we require exhaustion. And that's why I take part of this. But I take your point. You're saying this is a legal challenge and she wasn't required to exhaust it. I just want to make sure that I understood the record correctly. That's right, Your Honor. Thank you. To pick up where we left off, there are two principal ways we know that the BIA did not liberally construe Ms. Gonzalez-Garcia's appeal and thus violated its duty to do so. First, the BIA made no mention of liberal construction. In fact, the only indication it gave of its reasoning was its citations to matter of R.A.M. and matter of Zhang, both of which were counseled cases. Under Shenry, of course, this court cannot uphold the BIA's decision as a proper application of liberal construction when it's given no indication that it did so. Can I ask a question about that, though? I mean, here, the position seemed to be it was forfeited. This doesn't seem to be an issue of liberal construction. It's, you know, nope, there was nothing to construe, I think is sort of how I read the BIA's position. So what can you point us to something in the BIA filing by your client where the filing itself gave notice that adverse credibility was being appealed? Because I didn't read anything in there. And maybe your argument, it sounds like, is more complicated than that. But I'd like to see something in the notice of appeal. That's generally what we look to. Yes, Your Honor. Her notice of appeal did raise it when she says, I am afraid. We see this as a direct, albeit not artful and certainly not explicit challenge. She also submitted these corroborating documents that reiterate the truth of her testimony by showing how similar people to her were also persecuted in Cuba. When Ms. Gonzalez-Garcia said, I'm afraid, that's not necessarily a challenge to the merits because an asylum decision doesn't say you're not afraid. It says whatever fear you're experiencing doesn't amount to an asylum claim. But when the IJ tells a pro se litigant, you're not credible, that sounds to a pro se litigant like, I don't believe you're afraid. So we see that as a direct challenge. But also, the legal standard governing liberal construction indicates that we look beyond the language when it's a pro se litigant. We look to external factors and Higgs like timing, the IJ's decision below. In Vizcarra-Ayala, we consider if a threshold issue exists that if waived, would render the entire appeal a nullity. In Kazi, it states that when the opposing party has had an opportunity to brief the issue and has, it's another strong indicator that the BIA was unnoticed. In this case... Counselor, I want to, I'm trying to figure out the line here that you want us to draw and how we would distinguish future cases. And it seems as though you're saying that anytime a petitioner disagrees with a decision that the agency makes that's related to fear, that we've, there's going to be a hidden credibility argument in there. And the BIA can err if they don't see it, whether the petitioner references credibility, or in any way, signals that in a more direct way than happens here. How would we distinguish this case from future cases? And wouldn't, aren't we creating a risk that, you know, we would be saying that the BIA has to see credibility challenges everywhere? Your Honor, we would not assert that bright line rule that whenever an adverse credibility determination exists below that that's been raised. Instead, the argument today is that it will always be a fact intensive and context dependent inquiry as to whether the BIA was on notice. And in this case, there are many factors that go beyond the matter that this was a threshold issue and only in their totality, they put the BIA on notice. So in this case, there's also the fact that the DHS briefed it and the language and structure of her appeal, including the additional documents. And so to answer the question about line drawing, Your Honor, we think that it's a context dependent question, and may look to, perhaps there are instances, and I think we have examples where there are cases where the litigant actually misdirected the court to a different, very narrow issue, but did not leave open the possibility that they were challenging something else. But in some, it's the totality of the circumstances. I see that I have one minute left. And so I'd like to turn now, if Your Honors have no further questions about liberal construction to the Convention Against Torture Claim. In this case, the BIA stated that Ms. Gonzalez-Garcia has not indicated any evidence relevant to her cat claim, and at that point it ceased to consider her cat appeal. This is legally erroneous under Cole v. Holder, which states that all evidence relevant to a cat claim must be considered, and that any indication that that's not taking place requires remand. In this case, there's two key pieces of evidence the BIA did not consider. The letter from Ms. Gonzalez-Garcia's partner, and the State Department's country conditions report, both of which, well, the letter details the harm she would face, and the country conditions report explicitly references torture of political dissidents. And we know that the BIA did not consider these first, because it seems to be laboring under a misunderstanding of Cole, where it thinks that issues must be indicated. That's incorrect. And second, it states that the adverse credibility determination was dispositive of her cat claim, which is erroneous under Al-Harbi, which states that when independent, non-testimonial evidence exists in the record, it can support a cat claim, even if it supports, it goes to the same factual predicate that was discredited in the testimony. With that, I see that I'm out of time, and if your honors have no further question, I'll reserve the remainder for rebuttal. Thank you, counsel. We'll hear from the government. Good morning. May it please the court, my name is Kristen Whitaker, and I'm here on behalf of the Attorney General of the United States. This court should deny the petition for review. First, the board did not abuse its discretion when it concluded that Ms. Gonzalez-Garcia weighed the dispositive adverse credibility determination, where she did not address the determination or any of Second, the agency did not violate Ms. Gonzalez-Garcia's due process rights, where she was afforded a full and fair hearing and a reasonable opportunity to present her claims. And third, lastly, the board did not err in reviewing and affirming the denial of Ms. Gonzalez-Garcia's application for cat protection. The board concluded that her non-credible testimony undermined her claim and that she failed to identify objective evidence that independently met her barrier proof. So now, turning to that first point, the board did not abuse its discretion in concluding that Ms. Gonzalez-Garcia- So, counsel, I have a question about that. Do we know that abuse of discretion is the standard that applies here? Because under our case in Honshirob, I think that it says we haven't resolved what the standard of review is here. That is correct. So there is ambiguity where the court is unclear as to which standard applies. The government asserts though that the abuse of discretion is the most appropriate standard because this is a discretionary determination in which the board, like the court as an appellate body, has the discretion to conclude that an issue that was not raised was waived or it can decide to address it on its merits. And that's akin to how the court views other discretionary determinations. For instance, finding that an application was or summary dismissal. And in summary dismissal cases, for instance, I think it was Rojas-Garcia, they specifically said that it's very similar to failure to prosecute. So it's really similar waiver. And so the government would assert that the abuse of discretion standard is the most appropriate and that it shouldn't be a de novo standard of review. But even if the court doesn't want to grapple with that issue in this particular case, they need not do so because under either standard, the de novo or abuse of discretion standard, Ms. Gonzalez-Garcia fails to meet her burden in showing that she challenged the adverse credibility determination where, again, she did not address the determination whatsoever or any of its basis. So then that goes to the main first point, whether the court reviews it under an abuse of discretion standard or a de novo standard, that the board properly concluded that Ms. Gonzalez-Garcia waived that dispositive adverse credibility determination. Even if we are looking at this at a contextual or holistic approach, as the petitioner would like us to do referring to Higgs, there's nothing in her notice of appeal or supplementary documentation that indicates that she is challenging that determination. I think petitioner constantly goes to the fact that the board needs to be on notice. And that is just a blanket statement that if the board's on notice of an issue, like you questioned about, that automatically it seems as if the issue is appealed. But the real factor is whether the board was on notice of a contested issue. And at no point did Ms. Gonzalez-Garcia contest the adverse credibility determination or any of its basis. In Higgs, when they were looking at the contextual approach, it was because they found that it was nearly impossible for the petitioner in that case to have appealed his case. He referred to an interlocutory order. So it was a misuse of words. It was clear that he was trying to actually appeal a final order of circumstance. And it's also, you know, dissimilar from, what is it, Vizcara Ayala? Council, let's suppose she just said, the IJ was wrong. I did have a credible fear. Would that be enough? If she said, you know, the IJ is wrong, I had a credible fear, that might be enough for the board to see that it was contested, that she is contesting the credibility determination. But she said that's not sufficient. This court has held repeatedly that just a general allegation of error is insufficient. Now, this court has said a general contention might be sufficient. But at the same time, in Alvarado, the court also said you need to present a general argument. And Alvarado came after Wren, by the way, and they said that it didn't put the, you know, the argument. We don't even have a contention. We don't have any addressing whatsoever, let alone an argument. We don't have her discussing the adverse credibility determination or any of its basis. And let's recall that this is not just one factor. It's multiple factors that are in support of the adverse credibility determination. So what did you make of the BIA statement that she did not meaningfully appeal? It didn't say she didn't appeal. She said they didn't meaningfully appeal. I think perhaps the board is recognizing that she's saying, I don't agree with the immigration judge. You know, it's kind of a hats off, you know, like she is upset with the immigration judge's decision. But we're going to say that she didn't meaningfully challenge the adverse credibility determination. So what does the phrase meaningfully mean in this context? Either she appealed or she didn't. But they said she didn't meaningfully appeal the issue. And that's that's really not in the regulation. No, but if you're talking forfeiture, it's one thing. If you're talking about a, you know, her appeal was inadequate, that's quite another. Yeah, I think by just saying meaningfully challenged, it's not constraining the board that they had to conclude or evaluate the claim. And again, even if the court looks at the documents themselves, petitioner hasn't shown that she addressed it. She just says, look at, you know, I expressed some disagreement with the immigration judge and I expressed a fear of returning to Cuba. But that's not sufficient to let the board know that she's contesting all of the basis of the immigration judge's decision. Are you conceding, is the government conceding that the liberal construction rule should apply in this context? Should the BIA needs to comply with that rule? I think it's clear from this court's precedent that... And what precedent makes that clear? What precedent makes that clear? Well, there is Coronado, Abassi, Simbering. I know the government cited to a bunch of cases in which this court liberally construed, looking at, you know, exhaustion. But Abassi, you know, the court found that the board erred because the board didn't really construe the pro se pleading and held the, you know, petitioner to specific hyper technical terms, like he had to cite the specific country report. And in Coronado, they found that the board erred for ignoring arguments where the petitioner had asserted due process claims and the board didn't address it because, I guess, I don't know. I don't know why the board didn't address it. So I think that those cases show that liberal construction should be applied by the board or the court when looking at pro se documents. How do we... So I'm questioning how to square that with a couple of administrative principles in that Congress has said that the agency can set its own procedures. So the liberal construction rule, as applies to us and other federal courts, comes out of a whole different source. So the agency can set its own procedures. And one of the procedures it has set that is relevant here is CFR 1003.3, which says that a party has to identify the reasons for their appeal and specifically identify the findings of fact and conclusions of being challenged. So if the board has, if the agency has set that as the pleading rule, how do we square that with imposing a liberal construction standard on them that is coming out of a whole different context? I don't necessarily think that they conflict. I think that there's still a requirement for the petitioner to present issues to the board, the conclusions of law and findings of facts. But the board is still required to apply the law of the court. And if the court itself has reputedly said that, you know, well, you can't ignore arguments, you have to liberally construe pro se pleadings, the board has to follow the precedent. I believe it was a matter of KS where it said that the board, you know, was to apply the law of the court. So here, even though there is a regulation where they state, you know, that they have to specify reasons on appeal, that doesn't conflict with liberal construction as a argument. It's simply that she just didn't say enough. She didn't notify the board whatsoever that she was contesting the adverse credibility. It's not necessarily that she didn't say enough. She didn't notify the board that that was a contested issue. And, you know, when we looked at Higgs, for instance, in the Third Circuit, and they're talking about contextual approach. In Higgs afterwards, you know, the Third Circuit held that a pro se petitioner failed to challenge an adverse credibility determination in similar circumstances where they didn't address the determination or any of its faces. So we just don't have that evidence here. What about the government's filing? They did contest, or didn't contest, but they addressed adverse credibility. Does that, is that enough to inject that into, into the case? No. As this court has held, simply because opposing counsel addresses an issue, that doesn't constrain the court's discretion or the board's discretion in concluding that something is waived. There are multiple cases that say that, you know, and interesting enough, you know, DHS did brief the issue and Ms. Gonzalez- Garcia did submit documents after DHS had submitted its filing. So, again, that was another point where she was provided notice that she should have addressed the fact that it's dispositive, the fact that DHS addressed it. None of these issues constrain the board's discretion. This court has repeatedly found that they, you know, that a pro se litigant has waived an issue where it was dispositive. You know, they have found that an issue is waived simply because, you know, the person didn't address it and opposing counsel did, but nonetheless, they didn't let the court know what was contested. So I think that those don't preclude, those issues don't preclude the board from exercising its discretion. And, oh, sorry. But turning to the CAT claim, I don't see any evidence that the board really considered the country report of the letter. So I think the presumption of regularity applies. There is no evidence that the presumption of regularity applies if it would review the evidence. And the evidence itself does not meet Ms. Gonzalez-Garcia's standard of proof. Like, if you actually look at it, substantial evidence supports the board's determination that the objective evidence does not independently meet her burden of proof where, for instance, it shows that those returning to Cuba might be subject to a fine or they might be subject to harassment, job loss, but none of that shows a likelihood of torture. But the BIA didn't rely on clear error review in looking at the IJ's findings on that. It just said she hasn't identified objectively independent evidence. And she actually did have some objectively independent evidence that she submitted. I think that what the board was saying is that she hasn't identified sufficient objective evidence that independently met her burden of proof. So it's going to the sufficiency of the evidence. Here's what the board said. We note in addition that the respondent has not identified any independent objective evidence. I'm looking at it as well. In the record to show that she would more likely to not suffer torture. So I think, again, it goes to that she has not identified any evidence that would meet that standard that shows that likelihood of torture. It doesn't show that the board didn't review the evidence, just saying that the evidence isn't sufficient. And by the way, the partner's statement that we are referring to further contradicted Ms. Gonzalez-Garcia's claims. He indicated that she was detained multiple times by the Cuban government. At no point did she ever claim that she was detained. And in fact, stated the exact opposite in her asylum application. She said she was never detained by the Cuban government. So this, you know, independent evidence does not meet her burden of proof. If they didn't consider it, then that would require us to grant a petition on that. And that's that's where I'm hung up. I'm not I'm not quarreling with you on whether substantial evidence would support the board's decision. They just said we've considered all the evidence. But they just said she didn't identify any independent evidence and relied on the discredibility finding, which isn't fatal to a CAT claim. I understand the court's concern. The government would just assert that the presumption of regularity applies, that the board did review the evidence and found that her non-credible testimony undermined her claim and that she failed to point to evidence that met her burden of proof that was objective of that discredited claim. I see that my time has run out. So thank you very much. And the government respectfully asks the court to deny the petition for review. Thank you, counsel. We'll hear rebuttal. Thank you, your honors. And may it please the court, Zach Meeker on behalf of the petitioner. So I'd like to make four points on rebuttal. And first, I would like to address the CAT claim. And so in this case, there is no presumption of regularity under Colby Holder where there's any indication that the BIA did not consider evidence in the record. And I would point this court to career Bok v. Holder, where this court remanded a very similar case where the BIA had only said that the petitioner had not met their burden with respect to CAT. And this court remanded that, found that that statement was insufficient to show that it considered all the evidence and remanded the case back. Next, with respect to the standard of review for whether liberally construed her notice of appeal raised the adverse credibility determination, the standard of review in this case should be de novo. The question of whether her notice of appeal raised the adverse credibility determination under this court's legal precedent is a mixed question of law, which is reviewable de novo. But what counsel, you don't really seem to, most of your arguments for why this should be liberally construed are based on the context of what happened in the proceedings, not the notice of appeal itself. So, I mean, is it possible even under your argument that we would review any application of whether the notice of appeal liberally construed would raise these issues de novo, but the rest of it should be reviewed under abusive discretion standard? Your Honor, we think that the question of whether her appeal in its entirety is going to necessarily, that necessarily has to be considered in whether her appeal raised this issue. So we think that that would be reviewed de novo. And then further, I would note even under an abusive discretion standard, the application of issue waiver in violation of liberal construction would be a legal error that would, so she would still prevail under that standard as well. So next, I want to quickly address the government's argument here that the board was not on notice of this contested issue, but our position is that under the entirety of her appeal, that several factors here did put the BIA on notice of the adverse credibility determination. So first, as my co-counsel made very clear, the fact that she said that she was afraid in her notice of appeal and relied on the truth of her prior testimony was a clear, albeit an artful challenge to the adverse credibility determination, but she did more than that. She also submitted corroborating documents that show that people similarly situated to her would be subject to persecution. And we think for a pro se party who's been told that they're not credible, that is a reasonable way to respond by providing objective evidence that corroborates her story. And then finally, with respect to the fact that the Department of Homeland Security filed a motion for summary affirmance and briefed the issue is relevant here. The government misconstrued our argument as saying any one of these single factors itself is defaultive, but our argument is that under the totality of the circumstances, the BIA was on notice of this issue. So in that way, just as this court in Kazi found it was important that the government had responded to the pro se party's objection there, the Department of Homeland Security had an opportunity to respond and the BIA had an opportunity to correct its errors because it was on notice. So if your honors have no further questions, we ask that this petition be granted in the case, be remanded to the BIA for further proceedings. Thank you. I thank all of you for your arguments today. I'm sorry about the interruption and I want to thank you for your pro bono representation, which the court values, and we will be in recess for this session of the court. Thank you. Thank you. This court for this session stands adjourned.
judges: Thomas, Nelson, Hunsaker